UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES V. PARKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 1523 |
| | ) | |
| JOSEPH V. SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

FILED

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This matter comes before the court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.[1] The Court will grant the application, and will dismiss the petition.

Petitioner attacks his conviction and the sentence imposed by the Superior Court of the District of Columbia in April 1992. Pet. at 3-5. A challenge of this nature properly is presented by motion filed in the Superior Court under D.C. Code § 23-110, which in relevant part provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is

---

[1] This matter was transferred from the United States District Court for the Middle District of Pennsylvania.

1

settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his attempt to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective.[2] *See Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will dismiss this action. An Order consistent with this Memorandum Opinion will be issued separately on this date.

DATE: 7/29/05

_____
United States District Judge

---

[2] Petitioner argues that the remedy available under Section 23-110(g) is inadequate and ineffective in his case because it cannot address a claim of ineffective assistance of appellate counsel. *See* Pet. at 4; *see also* "Mem. of Points and Authorities in Support of 28 U.S.C. § 2241(c)(3)" at 1. The petition raises no claim that appellate counsel was ineffective.

2